**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Bankruptcy No. 12 B 43248 |
| Robert Lloyd Luckett, Jr. and | ) | |
| Amy Elizabeth Luckett, | ) | |
| | ) | Judge Donald R. Cassling |
| Debtors. | ) | |

**ORDER OVERRULING MARQUETTE BANK'S OBJECTION TO CONFIRMATION**

This cause having been heard on the objection to confirmation of Marquette Bank, the

Court being fully advised in the premises and due notice having been given,

IT IS HEREBY ORDERED:

For the reasons stated in open court on May 17, 2013, the objection to confirmation of

Marquette Bank is overruled, and the Court finds that the Debtors need not be eligible for a

discharge in order to strip off the junior lien of Marquette Bank.  As referenced in the Court's

findings and conclusions stated in open court on May 17, 2013, the ruling of Judge A. Benjamin

Goldgar on June 24, 2011 in *In re Anderson*, Case No. 10 B 45294, Adv. No. 10 A 02467, is

incorporated herein and attached to this order.

**ENTERED:**

DATE: _May 29, 2013_

_Donald R. Cassling_
**Donald R. Cassling**
**United States Bankruptcy Judge**

1

```
 1            IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3

 4   ELIZABETH ANDERSON,          )
                                  )  No. 10 A 02467
 5                 Plaintiff,     )
                                  )
 6            vs.                 )
                                  )
 7   HARRIS, N.A.,                )  Park City, Illinois
                                  )  June 24, 2011
 8                 Defendant.     )  10:30 a.m.
     -----------------------------)
 9                                )
     ELIZABETH ANDERSON,          )  No. 10 B 45294
10                                )
                   Debtor.        )
11

12          TRANSCRIPT OF PROCEEDINGS BEFORE THE
              HONORABLE A. BENJAMIN GOLDGAR
13

14   APPEARANCES:

15   For Elizabeth Anderson:          Ms. Tina Adams;

16

17

18

19   Court Reporter:                  Nicole Abbate, CSR
                                       U.S. Courthouse
20                                     219 South Dearborn
                                       Room 661
21                                     Chicago, IL   60604.

22

23

24

25
```

2

1           THE CLERK:  Elizabeth Anderson.

2 Anderson versus Harris Bank, N.A.

3           MS. ADAMS:  Tina Adams for the

4 plaintiff.  Your Honor, I did talk to the defendant's

5 counsel, and he said he had a conflict today and was

6 unable to make it.

7           THE COURT:  All right.  Very well.  I

8 had hoped to have a published opinion in this because

9 I'm going to break with some other judges on their

10 approach, but I was not able to do that.  And it

11 seemed to me that what was important was that I get a

12 decision.  So I do have a ruling, which I will read.

13           This adversary proceeding is before

14 the court on the motion of defendant Harris N.A. to

15 dismiss the complaint of plaintiff Elizabeth

16 Anderson.  In her complaint, Anderson seeks to strip

17 off Harris's second mortgage lien on Anderson's

18 residence.  Harris contends that its lien can't be

19 stripped, even if its claim is wholly unsecured,

20 because Anderson is ineligible for a discharge.

21           Because Anderson proposes to strip the

22 lien only on the completion of her plan payments, and

23 because Harris hasn't taken issue with her use of an

24 adversary proceeding as a vehicle for lien-stripping,

25 the motion presents no opportunity to address other

3

1  sticky questions such as when precisely

2  lien-stripping occurs and whether an adversary

3  proceeding is the proper vehicle to accomplish it.

4  The only question on the current motion is whether

5  Anderson's ineligibility for a discharge means she

6  can't strip Harris's lien.

7          Although, as Harris notes, the vast

8  majority of decisions in this circuit favor Harris's

9  position on this question, the minority view is the

10  correct one.  The motion to dismiss will therefore be

11  denied.

12          On a motion to dismiss under

13  Rule(12)(b)(6), all well-pleaded allegations in the

14  complaint are taken as true, and all reasonable

15  inferences are drawn in favor of the non-movant.

16  Rujawitz v. Martin 561 F.3d 685, 688 (7th Cir. 2009).

17          The complaint alleges the following

18  facts.  Debtor Elizabeth Anderson owns real estate

19  located at 1533 Old Barn Road in Libertyville,

20  Illinois.  Although Anderson doesn't allege so

21  specifically, the property appears to be her

22  residence.  The property has a fair market value of

23  $424,000.  ING Direct holds a first mortgage lien on

24  the property securing a loan with a principal balance

25  of $468,000.  Harris has a second mortgage on the

4

1  property securing a loan.  The current balance of

2  that loan is unknown, but the original loan amount

3  was $117,000.

4          In 2010, Anderson filed a Chapter 7

5  bankruptcy case.  She received her discharge on

6  May 26, 2010.  On October 9, 2010, five and a half

7  months later, Anderson filed this Chapter 13

8  bankruptcy case.  Anderson acknowledges that because

9  she received a Chapter 7 discharge within four years

10 of her Chapter 13 filing, she is ineligible for a

11 discharge here.  See 11 U.S.C. Section 1328(f)(1).

12         In her adversary complaint, Anderson

13 seeks to "strip off" Harris's second mortgage and to

14 treat Harris's claim as wholly unsecured.  Anderson's

15 proposed plan calls for the same treatment of the

16 Harris claim.

17         Harris now moves to dismiss Anderson's

18 complaint for failure to state a claim on the ground

19 that a debtor ineligible for a discharge under

20 Section 1328(f) can't strip off a wholly unsecured

21 lien.

22         Harris's motion to dismiss will be

23 denied.  It is well-established that a Chapter 13

24 debtor can strip off a wholly unsecured junior lien

25 on the debtor's residence.  Nothing in the Bankruptcy

5

1  Code suggests that a debtor not eligible for a

2  Chapter 13 discharge is barred from employing that

3  restructuring tool.

4         The starting point of the analysis is

5  Section 506(a)(1), which defines when a claim has

6  secured status.  Under that section, the term

7  "secured claim" doesn't have the same meaning that it

8  has under state law.  Even when a creditor has a

9  security interest under state law, Section 506(a)

10  provides that the creditor's claim in the bankruptcy

11  is secured only to the extent of the value of the

12  collateral supporting the claim.  If the value is

13  less than the claim, the claim is undersecured.  And

14  if there is no value at all supporting the claim, the

15  claim is unsecured - the security interest under

16  state law notwithstanding.

17         In a Chapter 13 case, a lien that is

18  wholly unsecured under Section 506(a) can be removed

19  as an encumbrance on the collateral - "stripped off"

20  is the bankruptcy colloquialism - and the creditor's

21  claim treated as unsecured.  The question is how that

22  can be done.

23         Some courts say that Section 506(d)

24  provides the lien-stripping vehicle.  That section

25  voids a lien that secures a claim against the debtor

6

"that is not an allowed secured claim."  The problem
is that in Dewsnup versus Timm, 502 U.S. 410 (1992),
the Supreme Court held that Section 506(d) doesn't
permit lien-stripping in a Chapter 7 case, and under
Section 103(a) of the Code the provisions of Chapter
5 (of which Section 506(d) is one) apply equally to
cases under Chapter 13.  So what's true for Chapter 7
under Dewsnup must also be true for Chapter 13.  (In
addition, Section 506(d) only permits the voiding of
a lien that isn't an "allowed" claim.  Since Section
502(a) says a claim is "allowed" if filed, Section
506(d) can only void a claim that is disallowed or
not filed.)

              Rather than Section 506(d), the
provisions of Chapter 13 itself provide the means for
stripping off a lien when the creditor is wholly
secured.  See In re Jarvis, 390 B.R. 600, 603,
(Bankr. C.D. Ill. 2008).  Section 1322(b)(2) allows a
plan to "modify the rights...of holders of unsecured
claims."  That modification can include stripping of
the lien.  True, Section 1322(b)(2) protects the
rights of a holder of "a claim secured only by a
security interest in real property that is the
debtor's principal residence."  But that protection
doesn't help a creditor such as a junior lienholder

7

1   whose claim is unsupported by any value in

2   collateral, because under Section 506(a) that

3   creditor isn't the holder of a secured claim.

4          So far, nothing I've said is

5   particularly controversial.  Six courts of appeals

6   and two bankruptcy appellate panels have all reached

7   the same conclusion.  See In re Okosisi, No.

8   BK-S-09-27113-BAM, 2011 WL 2292148, at 2 (Bankr. D.

9   Nev. May 16, 2011)(citing cases).  All other things

10  being equal, then, and assuming (as we must) the

11  truth of the complaint's allegations, Anderson could

12  strip off Harris's lien.  Harris concedes as much.

13          What makes the difference here, Harris

14  contends, is that Anderson is ineligible for a

15  discharge in her Chapter 13 case.  In 2005, the

16  Bankruptcy Code was amended today add Section

17  1328(f), which provides in part that "the court shall

18  not grant a discharge if all debts provided for in

19  the plan or disallowed under Section 502, if the

20  debtor has received a discharge (1) in a case filed

21  under Chapter 7...during the four-year period

22  preceding the date of the order for relief under this

23  chapter."

24          Although courts are deeply split on

25  the issue, the majority of courts agree with Harris,

8

1   holding that a debtor who won't receive a discharge

2   under this section can't strip off a wholly unsecured

3   junior lien.   At least five decisions in this circuit

4   have reached this conclusion.   See Lindskog versus M·

5   & I Bank FSB, Nos. 10-27037-jes, 10-2278, 2011 WL

6   1576561 (Bankr. E.D. Wis. April 13, 2011); Erdmann

7   versus Charter One Bank, 446 B.R. 861 (Bankr. N.D.

8   Ill. 2011); In re Fenn, 428 B.R. 494 (Bankr. N.D.

9   Ill. 2010); In re Blosser, Nos. 07-28223-svk,

10  08-2353, 2009 WL 106445 (Bankr. E.D. Wis. April 15,

11  2009); Jarvis, 390 B.R. 600.

12          The better view, however, is the

13  minority - well-represented by two recent decisions,

14  In re Fair, No. 10-C-1128, 2011 WL 14866021 (E.D.

15  Wis. April 19, 2011), and Okosisi, 2011 WL 2292148.

16  As these decisions explain, the reasons underlying

17  the majority view are not convincing.

18          First, Section 1328(f)(1) itself

19  doesn't bar the debtor ineligible for a discharge

20  from stripping off the unsecured junior lien.

21  Nothing in Section 328(f), or any other part of

22  Section 1328 for that matter, addresses a debtor's

23  treatment of secured or unsecured claims in a plan or

24  otherwise.   Section 1328(f) is concerned solely with

25  the availability of discharge.   See Fair 2011 WL

9

1    14866021, at 3; Okosisi, 2011 WL 2292148, at 8; In re

2    Tran 431 B.R. 230, 235 (Bankr. N.D. Cal. 2010).

3              Second, nothing elsewhere in the Code

4    conditions a debtor's right to confirm a Chapter 13

5    plan on the debtor's eligibility for a discharge.

6    Courts taking the majority approach often rely on

7    Section 1325(a), which discusses requirements for

8    Chapter 13 plans.  Specifically, these courts cite

9    Section 1325(a)(5)(B)(i)(I)(bb), which says that

10   "with respect to each secured claim provided for by

11   the plan," the plan must provide that "the holder of

12   such claim retain the lien securing the claim until

13   the earlier of the payment of the underlying debt

14   determined under non-bankruptcy law; or discharge

15   under Section 1328."  Courts in the majority reason

16   that if a debtor is stripping off a lien, he isn't

17   letting the creditor retain its lien until the debt

18   is paid in full or until discharge.

19              The problem with this analysis is it

20   assumes the claim in question is secured.  That

21   assumption is critical, because Section 1325(a)(5)

22   only applies to an "allowed secured claim provided

23   for by the plan."  It doesn't apply to unsecured

24   claims.  But if no value supports a junior lien,

25   Section 506(a) makes the creditor's claim unsecured

10

1  rather than secured.  And if the claim is unsecured,

2  the limits in Section 1325(a)(5) on how that claim

3  can be treated are irrelevant.  Decisions like Fenn

4  that depend on Section 1325(a)(5) for their outcome

5  fail to acknowledge that Section 506(a) is always the

6  starting point in sorting out which claims can be

7  given which treatment in a plan.  See Fair, 2011 WL

8  14866021, at 3; Okosisi, 2011 WL 2292148, at 6.

9              Third, the policy views of courts in

10 the majority supply no basis for barring a debtor

11 ineligible for a discharge from stripping off a lien.

12 These courts find distasteful the prospect of what

13 they call a "de facto discharge."  In Blosser, for

14 example, the court said that "allowing a debtor to

15 file Chapter 7, discharge all dischargeable debts,

16 and then immediately file Chapter 13 to strip off a

17 second mortgage lien would not be much different than

18 simply avoiding the mortgage lien in the Chapter 7

19 itself," something Dewsnup doesn't permit.  Blosser,

20 2009 WL 1064455, at 1.  In Jarvis, the court noted

21 that it could "find no evidence that, by adding new

22 Section 1328(f), Congress intended to expand debtors'

23 remedies" in this way.  Jarvis, 390 B.R. at 606.

24             But Section 1328(f) neither expands

25 nor contracts "debtors' remedies."  It says nothing

11

1   about them at all - except, of course, the remedy of

2   discharge.   Nor is stripping off an unsecured junior

3   mortgagee's lien a "de facto discharge."   See Fair,

4   2011 WL 14866021, at 3 (calling this characterization

5   "inaccurate").   The language of the Code is clear.

6   With no express prohibition, debtors who won't be

7   discharged because of Section 1328(f) are just as

8   able to strip liens under Section 1322(b)(2) as

9   debtors who will be discharged.   Had Congress wanted

10  to limit the operation of Section 1322(b)(2), it

11  could have.   It didn't.   See Okosisi, 2011 WL

12  2292148, at 6.   In the absence of some prohibition in

13  the Code itself, it is not the place of courts "to

14  rewrite the statute, turning it into something they

15  consider more logical, sensible, or conducive to

16  human progress or enlightenment."   In re

17  Farrar-Johnson, 353 B.R. 224, 229 (Bankr. N.D. Ill.

18  2006).

19            For these reasons, the motion of

20  Harris N.A. to dismiss the adversary complaint of

21  debtor Elizabeth Anderson is denied.   Harris has 28

22  days to answer the complaint.   A separate scheduling

23  order will be entered.

24            And I believe I have orders to that

25  effect.   I do.

12

```
1            We'll continue the matter for status

2   to August 5 at 10:30.  Ms. Adams, I have copies for

3   you.

4            MS. ADAMS:  Thank you, Your Honor.

5            THE COURT:  Thank you.

6            (Which were all the proceedings had in

7            the above-entitled cause, June 28,

8            2011, 10:30 a.m.)

9   I, NICOLE ABBATE, DO HEREBY CERTIFY
    THAT THE FOREGOING IS A TRUE AND ACCURATE
10  TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
    ENTITLED CAUSE.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```